UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GAYLAND BRION COLES,

          Plaintiff,                                  No. 13-cv-14450

vs.                                                     Hon. Gerald E. Rosen

DEARBORN MID-WEST CO., et al.,

          Defendants.
_____/

ORDER OVERRULING PLAINTIFF'S OBJECTION AND DECLINING
RECONSIDERATION OF MAY 14, 2015 ORDER

          At a session of said Court, held in
          the U.S. Courthouse, Detroit, Michigan
          on June 01, 2015

          PRESENT:   Honorable Gerald E. Rosen
                                 United States District Chief Judge

On May 26, 2015, Plaintiff Gayland Brion Coles filed an "Objection" to the Court's May 14, 2015 Order Denying Plaintiff's Motion to file his appeal of this case *in forma pauperis*, without prejudice. The Court denied Plaintiff's Motion because Plaintiff filed no affidavit of indigency, and the Court found that the copies of two pay stubs from his new employer which he had attached to his motion provided an insufficient basis for the Court to make an *ifp* determination. The Court instructed Plaintiff that he needed to provide evidence of all income, from all sources (e.g., wages, unemployment, social security benefits, welfare benefit payments, etc.) for the previous 12 months, and

1

provided Plaintiff with a form he could use to provide the necessary information. Accordingly, Plaintiff's April 27, 2015 Motion to File *In Forma Pauperis* [Dkt. # 106] was denied, without prejudice to Plaintiff's right to resubmit his request using the provided court form, properly and completely filled out with the required information.

Rather than submit a verified application form with the requisite income and financial information, Plaintiff filed the instant "Objection" contending that this Court lacks jurisdiction to rule on his *ifp* motion and that only the Sixth Circuit Court of Appeals could decide whether he may proceed with his appeal *in forma pauperis*. The Court construes Plaintiff's "Objection" and as seeking reconsideration/reversal of the Court's May 14 Order.

The requirements for the granting of motions for reconsideration are set forth in Eastern District of Michigan Local Rule 7.1(h), which provides, in relevant part:

> (3) *Grounds.* Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

L.R. 7.1(h)(3).

As provided in LR 7.1(h)(3), in order to prevail on a motion for reconsideration, the movant must not only demonstrate a palpable defect by which the Court has been misled, he must also show that a different disposition of the case must result from a correction of that defect. A "palpable defect" is "a defect that is obvious, clear, unmistakable, manifest

2

or plain." *United States v. Lockette*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004). Moreover, a motion that merely presents the same issues already ruled upon by the Court -- either expressly or by reasonable implication -- will not be granted. L.R. 7.1(h)(3); *see also Flanagan v. Shamo,* 111 F. Supp. 2d 892, 894 (E.D. Mich. 2000).

Plaintiff Coles has not shown a palpable defect in the Court's May 14, 2015 Order or that a different disposition must result from a correction of that defect. Plaintiff is directed to the Federal Rules of Appellate Procedure which govern proceedings in the federal courts of appeals, including the Sixth Circuit.

Fed. R. App. P. 24 provides, in relevant part:

**(a) Leave to Proceed In Forma Pauperis.**

**(1) Motion in the District Court.** Except as stated in Rule 24(3),[1] a party to a district-court action who desires to appeal *in forma pauperis* **must file a motion in the district court**. The party must attach an affidavit that:

> **(A)** shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
> **(B)** claims an entitlement to redress; and
> **(C)** states the issues the party intends to present on appeal.

**(2) Action on the Motion.** If the district court grants the motion, the party may proceed on appeal without prepaying or giving security for fees and costs, unless a statute provides otherwise. If the district court denies the motion, it must state its reasons in writing.

Fed. R. App. P. 24 (a)(1), (2).

---

[1] Fed. R. App. P. 24(a)(3) applies to appeals by parties who were permitted to proceed *in forma pauperis* in the district court action and certain criminal defendants.

The foregoing Rule makes clear that Plaintiff's "Objection" to the Court's May 14, 2015 Order wholly lacks merit. Not only was this Court authorized to rule on Plaintiff's *ifp* motion, it was *obligated* to do so. Accordingly, the Court hereby OVERRULES Plaintiff's Objection **[Dkt. # 109]** and declines to reconsider or reverse its May 14, 2015 ruling.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: June 1, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 1, 2015, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135